# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NAFISEH AHMAD SAFI,** | |
| Plaintiff, | Case No. 08 C 7365 |
| v. | |
| **ROYAL JORDANIAN AIRLINES,** | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On December 24, 2008, Plaintiff Nafiseh Ahmad Safi filed the current three-count Complaint against defendant Royal Jordanian Airlines alleging (Count 1) a violation of the Age Discrimination in Employment Act, (Count 2) intentional infliction of emotional distress, and (Count 3) a violation of due process rights.

Defendant Royal Jordanian Airlines moves for summary judgment on part of Count 1 and all of Counts 2 and 3. For the reasons stated herein, Defendant's Motion is denied as to Count 1 and granted as to Counts 2 and 3.

### I. BACKGROUND

#### A. Facts

Plaintiff Nafiseh Ahmad Safi (hereinafter, "Safi") was employed by Royal Jordanian Airlines (hereinafter, "RJA") from October 1977 to August 2004. During this time period, Safi held

various positions in the sales department in RJA's Amman, Jordan offices. She retired from RJA in 2004 on her 55th birthday.

Safi moved to the United States after her retirement. In 2005, she worked at O'Hare International Airport in Chicago for Swissport ("Swissport"), an airline ground handling services company which performs work for various airlines. While at Swissport, Safi worked on RJA's account but also performed worked for other airlines. Safi resigned from Swissport in late 2005 in order to travel to Jordan for ten days. Shortly after returning to the United States, Safi applied (for the first time) for a job as a check-in agent with RJA at O'Hare Airport. Safi was 56 years old at the time of this application.

Sami Zakha ("Zakha") was the station manager for RJA's O'Hare location when Safi applied. In early 2006, Zakha hired Veronica Padilla ("Padilla") and Jasser Khader ("Khader"), both in their twenties, for the open check-in agent positions and not Safi. In Safi's version of the events, Zakha directly told Safi that despite her work history, he could not hire her because she was too old for the job. In RJA's version of the events, Zakha rejected Safi without mentioning age, and made the decision based on his opinion that Safi was less well qualified for the position than the two applicants he chose. In particular, Zakha claims that he was concerned that Safi interacted poorly with coworkers, had a bad

attitude, was confrontational with passengers, and had a short temper.

Next, Safi applied for two positions with RJA sometime around April of 2008. As to the first position, Safi spoke with Zakha regarding a job opening at O'Hare but was rejected without formally interviewing for the position. Safi alleges that Zakha again claimed she was too old for the job. RJA again responds that Zakha did not mention age, but chose not to hire Safi because of character issues such as attitude and temper. As to the second position, Safi applied for a job with RJA's sales office in Chicago. Abed Salamah ("Salamah"), the Regional Sales Manager for RJA, interviewed Safi for the sales position, but he did not select her for the job.

In October of 2008, Safi requested a free ticket with RJA for a round trip flight to Jordan. Safi claims that free tickets such as this are a vested benefit for employees with 10 years of service. RJA rejected this request and informed Safi that this benefit was being suspended until further notice.

### B. Procedure

Safi filed an EEOC charge and a Notice of Right to Sue was issued on September 29, 2008. Safi filed her three-count Complaint on December 24, 2008. Safi's Complaint originally included RJA, Zakha, and Salamah as defendants, but Safi voluntarily dismissed Zakha and Salamah from the case on April 22, 2009.

RJA filed the present Motion for Partial Summary Judgment on August 13, 2010. On September 24, 2010, Safi filed a Motion for Leave to Amend her Complaint to add Swissport as a defendant and add Count 4 which alleged intentional infliction of emotional distress by both RJA and Swissport. This Motion to Amend was denied on October 7, 2010. RJA's Motion for Partial Summary Judgment has now been fully briefed and is ready for a decision.

## II. LEGAL STANDARD

Summary judgment should be granted when the admissible evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists only if there is sufficient evidence, viewing all the facts and inferences in a light most favorable to the non-movant, for a jury to return a verdict for that party. *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Courts "apply the summary judgment standard with special scrutiny to employment discrimination cases, which often turn on issues of intent and credibility." *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir. 2002).

## III. ANALYSIS

Defendant's Motion for Partial Summary Judgment seeks judgment: (1) on just the indirect method of proving age discrimination for Count 1 because Defendant had legitimate reasons

for not hiring Plaintiff, (2) on Count 2 because Plaintiff cannot prove any of the three elements required for an intentional infliction of emotional distress claim, and (3) on Count 3 because due process rights only arise in relation to state actions, and Defendant is not a state actor. These three issues will be considered in turn.

### A. Indirect Proof of Age Discrimination

In an Age Discrimination in Employment Act (the "ADEA") case, a "plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs.*, 129 S.Ct. 2343, 2351 (2009).

Defendant argues that a plaintiff may prove age discrimination by the "direct" or "indirect" method. The direct method involves presenting evidence that "'points directly' to a discriminatory reason for the employer's action." *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008) ("*e.g.*, 'You're too old to work here'"). The indirect method, as set forth in *McDonnell*, requires a plaintiff to present a prima facie case of discrimination, which shifts the burden to the employer to articulate a nondiscriminatory reason for not hiring the plaintiff, and then the plaintiff must demonstrate that the proffered reason was pretextual. *See Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 556 (7th Cir. 2001). However, the Supreme Court has specifically noted that "the Court has not definitively

decided whether the evidentiary framework of *McDonnell* utilized in Title VII cases is appropriate in the ADEA context." *Gross,* 129 S.Ct. at 2349 n.2 (citation omitted). It is not clear if the Seventh Circuit has definitively addressed this portion of the *Gross* opinion. *See Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 303 (7th Cir. 2010); *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 501 (7th Cir. 2010) ("Whether such a burden shifting analysis survives the Supreme Court's declaration in *Gross* in non-Title VII cases, remains to be seen.").

Given this uncertainty, it seems more appropriate to frame Defendant's motion with the terms used in *Gross* rather than address the current applicability of *McDonnell* to ADEA cases. *Gross* simply requires direct or circumstantial evidence that age was the "but-for" cause of Defendant's decision not to hire Plaintiff. Defendant admits that there is a genuine issue of fact on direct evidence of discrimination, since Plaintiff alleges that Zakha said she was too old for the job and Defendant denies this occurred. Defendant's argument is essentially that there is no genuine issue of fact as to the evidence for the indirect method, so summary judgment should be granted as to that evidence and Plaintiff should not be allowed to present it at trial.

Defendant points out that Plaintiff's work experience was not directly equivalent to the job she applied for, Zakha was not impressed with her work at O'Hare for Swissport, and Zakha had

legitimate concerns about her customer service skills.  Based on this evidence, Defendant claims it had a legitimate, non-pretextual reason for not hiring Plaintiff, so Plaintiff cannot make out a case of discrimination except by proving that Zakha directly told her that she was too old for the job.

Defendant fails to eliminate all the factual disputes at issue, as Plaintiff points out in her response.  Plaintiff notes that the two persons hired in 2006 were both substantially younger than Plaintiff and argues that they were far less qualified for the position since one had no work experience at all and the other had worked only for a smaller airline.  Plaintiff also suggests that Defendant's reasons for not hiring Plaintiff were pretextual, as evidenced by Zakha's changing story as to why he did not hire Plaintiff, when he formed his opinions about Plaintiff's qualifications, and who made the hiring decision.  In terms of *Gross*, this is valid circumstantial evidence of discrimination since it tends to suggest, if proven, that Plaintiff's age was a but-for cause of Defendant's rejection.  Defendant's arguments against the evidence are factual disputes about the weight the evidence should be afforded.  Such disputes are not properly resolved at the summary judgment stage so summary judgment is denied as to Count 1.

## B. Intentional Infliction of Emotional Distress

The Illinois Supreme Court requires three elements for a claim of intentional infliction of emotional distress: (1) "the conduct must be truly extreme and outrageous," (2) "the actor must either *intend* that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress," and (3) "the conduct must in fact cause severe emotional distress." *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988).

Defendant's first argument for summary judgment on Count 2 is that the failure to hire Plaintiff did not rise to the level of extreme and outrageous conduct. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Pub. Fin. Corp. v. Davis*, 66 Ill.2d 85, 90 (1976). In this case, Plaintiff claims that Defendant's conduct was outrageous and extreme when it repeatedly rejected her job applications based on her age.

Courts are cautious in their treatment of emotional distress claims in the employment domain, because if "discipline, job transfers, or even terminations could form the basis of an action for emotional distress, virtually every employee would have a cause of action." *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (Ill.App. Ct. 1999). Courts have held that a wrongful discharge

due to age is not sufficiently outrageous or extreme to sustain a claim of intentional infliction of emotional distress. *See Stoecklein v. Illinois Tool Works, Inc.*, 589 F.Supp. 139, 146 (N.D. Ill. 1984); *see also Fang v. Village of Roselle*, No. 95 C 5175, 1996 U.S. Dist. LEXIS 9512 (N.D. Ill., June 28, 1996).

Under Plaintiff's version of the events, Defendant did not hire Plaintiff and told her that she was too old to be hired. The alleged wrongful failure to hire in this case, much like a wrongful termination, was not outrageous or extreme conduct. Plaintiff claims she was rejected repeatedly, but does not claim she was subjected to any continuous daily abuse. In fact, Plaintiff's complaint and deposition testimony clearly establishes that she, and not Defendant, was the party responsible for further contact. The surrounding circumstances were relatively uneventful, as Defendant rejected Plaintiff in a generally private manner and there are no allegations of any threats or coercion. Nothing in Plaintiff's version indicates that Defendant acted beyond all possible bounds of decency in refusing to hire Plaintiff. Plaintiff has failed to point out a genuine issue of material fact as to extreme or outrageous conduct, so it is unnecessary to go into the other elements of intentional infliction of emotional distress and summary judgment is granted to Defendant on Count 2.

### C. Violation of Due Process Rights

Count 3 alleges that Defendant violated Plaintiff's due process rights. Defendant argues that the guarantee of due process applies only to state action, and that Defendant is not a state actor. Plaintiff conceded this point in her response brief. Summary judgment is granted to Defendant on Count 3.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant Royal Jordanian Airlines' Motion for Partial Summary Judgment is Denied as to Count 1 of Plaintiff's Complaint, but Granted as to Counts 2 and 3 of Plaintiff's Complaint.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 10/25/2010