# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7365 | **DATE** | 4/11/2011 |
| **CASE TITLE** | Safi vs. Royal Jordanian Airlines | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Defendant Royal Jordanian Airlines' Bill of Costs [83] is granted in part and denied in part. Plaintiff is liable to RJA for $2,287.36 in costs.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Royal Jordanian Airlines' ("RJA") Bill of Costs, brought pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1. These rules allow for recovery of the litigation costs specified in 28 U.S.C. § 1920.

A jury ruled in favor of RJA on Plaintiff Nafiseh Ahmad Safi's employment discrimination claim, and judgment was entered in its favor on Feb. 25, 2011. Safi has not responded to RJA's Bill of Costs. The Court must determine whether, under § 1920, the costs requested by RJA are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345–46 (7th Cir. 1995). The Court will address each category of expenses in turn.

**Fees for Service of Summons and Subpoena**

RJA seeks to recover $577.76 in fees for service of summons and subpoena. However, this category actually includes witness fees and mileage for three witness — Pastor, Cruz, and Ayad — in the amount of $179.16, as well as a $398.60 bill from a special process server for serving these witnesses. Although the witness fees are miscategorized, the court will allow them because RJA provided documentation as to their mileage and because all three witnesses were subpoenaed to appear and testify at trial. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994).

Under 28 U.S.C. § 1920(1), the prevailing party may recover service costs not in excess of the United States Marshals Service's fees, no matter who effectuated service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Here, RJA has submitted a bill from Edward R. Kirby & Associates, Inc. for $398.60, $340 of which reflects four hours for service at the rate of $85 an hour. The remainder of the fee is a $39.60 expense for mileage, a $10 "database" fee, $4 for parking and $5 for "office/telephone."

**STATEMENT**

The current fee for service of process by the U.S. Marshals Service is $55 per hour, plus travel costs and other out-of-pocket expenses. 28 CFR § 0.114. As such, the hourly fee for RJA's special process server must be cut from $85 per hour to $55. That amounts to $220. Because the bill from the process server does not reflect how the mileage fee was calculated, the Court will not allow it. Nor does the bill explain the "database fee," so that too is disallowed. However, the Court will allow the $9 total in telephone and parking expenses, for a total of $229.

### Fees for Court Reporter Transcripts

RJA seeks $1,458.10 in transcription costs. The main problem with its requests is that RJA has submitted two bills totaling $759, not $1,458.10.

This includes a $697.20 bill for the deposition transcripts of Ayad and Pastor. Under Local Rule 54.1, if a prevailing party obtains a deposition transcript for a use necessary in a case, it may recover the full cost of the transcript as long as the cost does not exceed the regular copy rate established by the Judicial Conference of the United States at the time of the deposition. N.D. Ill. R. 54.1(b). The maximum rate allowed at the time of the depositions in this case was $3.65 per page. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Mar. 29, 2011). The Court finds these were reasonable and necessary expenses because Ayad testified at trial and Pastor testified by deposition. Both were Swissport employees who interviewed Safi for a job and testified about her demeanor, which was important to RJA's defense that Safi's attitude, and not her age, was the real reason the company did not hire her. Here, RJA seeks to recover the costs for an expedited transcripts at a rate of $4.15 per page. This is over the maximum, so RJA's bill for these two transcripts is reduced accordingly to $613.20.

The second bill submitted for transcription services is a $61.80 bill for a transcript of the proceedings of Sept. 7, 2010. Because this bill does not detail the number of pages or the cost per page, the Court cannot award RJA costs for it. In all, then, the Court awards RJA $613.20 for transcription services.

### Fees for Interpreter

RJA submitted a bill for $1,266 for an interpreter for Safi's deposition. Safi testified at trial without the aid of an interpreter. However, because the transcript of Safi's deposition shows that Safi requested an Arabic interpreter and the interpreter was used throughout her deposition, the Court finds that the interpreter's fee was a reasonable and necessary expense and is taxable. *See* 28 U.S.C. § 1920(6) (providing that judge may tax compensation of interpreters).

In sum, RJA's bill of costs is granted in part and denied in part. Plaintiff is liable to RJA for $2,287.36 in costs.